UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DE'MARIO ARMSTRONG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:19-cv-00633 |
| | ) |
| DAVIDSON COUNTY SHERIFF'S | ) |
| OFFICE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

De'Mario Armstrong , an inmate in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and Lieutenant David Hodges in his individual capacity. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed in forma pauperis, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement. 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. (2009), and <u>Bell Atlantic Corp. v.</u>

1

Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir.2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir.2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, on June 8, 2019, Lieutenant David Hodges advised Officer Eric Coppess to investigate a possible assault of a "weekender" inmate in Pod F-2 at the Davidson County Sheriff's Office jail. Four inmates were charged with several violations in connection with this alleged assault, including Plaintiff. According to the complaint, a video of the alleged assault does not reveal the identity of the alleged victim, "so how could they say we assaulted him if he's unable to be identified[?]" (Doc. No. 1 at 5). The complaint seeks compensation for mental anguish, defamation, and pain and suffering. (Id. at 6).

### IV. Analysis

The complaint names only two Defendants: the Davidson County Sheriff's Office and Lieutenant Hodges. However, a police or sheriff's department is not an entity capable of being sued under 42 U.S.C § 1983. See, e.g., Durham v. Estate of Gus Losleben, No. 16-1042-STA-egb, 2017 WL 1437209, at *2 (W.D. Tenn. Apr. 21, 2017); McKinney v. McNairy Cnty., Tenn., 1:12-CV-01101, 2012 WL 4863052, at *3 (W.D. Tenn. Oct. 11, 2012); Newby v. Sharp, 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012); Mathes v. Metro. Gov't of Nashville and Davidson Cnty., No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010). Thus, the complaint fails to state claims upon which relief can be granted under Section 1983 against the Davidson County Sheriff's Office. These claims will be dismissed.

Next, the complaint names Lieutenant Hodges as a Defendant in his individual capacity only. The complaint alleges that Lieutenant Hodges advised another officer to investigate the assault for which Plaintiff was charged and disciplined and, because the video of the assault does not reveal the identity of the alleged assault victim with certainty, Plaintiff should not have been charged and punished for his role in the alleged assault. (Doc. No. 1 at 5). "[P]rison disciplinary

proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. at 411, 480 (1972)). Inmates enjoy a narrow set of due process rights when prison authorities institute disciplinary proceedings. See Cleavinger v. Saxner, 474 U.S. 193 (1985) (disciplinary board members protected by qualified immunity); Superintendent v. Hill, 472 U.S. 445, 455–56 (1985) (disciplinary findings satisfy due process if supported by any evidence, however meager); Ponte v. Real, 471 U.S. 491, 495–99 (1985) (disciplinary board need not make contemporaneous record of reasons live witnesses for inmate not allowed); Baxter v. Palmigiano, 425 U.S. 308, 319–323 (1976) (disciplinary board may draw adverse inference from inmate's silence; inmate has no right to cross-examination); Wolff, 418 U.S. 539, 564–71 (defining scope of due process application to prison disciplinary hearings); Wolfel v. Morris, 972 F.2d 712 (6th Cir.1992).

In Wolff v. McDonnell, the Supreme Court held that, when a prisoner is charged with a disciplinary offense that may result in loss of good time credit, due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals[;]" and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. 418 U.S. 539, 563–64, 566. These protections are required only when a liberty interest is at stake. See, e.g., Sandin, 515 U.S. at 484, 486–87. "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" McMillan v. Fielding, 136 F. App'x 818, 820 (6th Cir. 2005) (quoting Sandin, 515 U.S. at 484); see Upshaw v. Jones,

4

No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015) (finding no violation of inmate's due process rights when corrections officer assigned inmate to segregation as punishment prior to inmate's disciplinary hearing).

Here, the complaint fails to allege that the punishment Plaintiff received, or the consequences he endured, imposed an atypical and significant hardship sufficient to violate due process. See Sandin, 515 U.S. 472, 484-86. The complaint sets forth no facts demonstrating that Plaintiff had a liberty interest in the outcome of a disciplinary hearing, such as a loss of sentence credit. Even if Plaintiff had a liberty interest, there is no allegation that Plaintiff's disciplinary hearing was not conducted in accordance with the procedures required by Wolff.

Plaintiff also has no claim against Lieutenant Hodges for failing to make a sufficient investigation before issuing the disciplinary charge, if he in fact issued the charge. Even in the criminal context, there is no constitutional right to an official investigation of alleged misconduct. See, e.g., Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."); Mitchell v. McNeil, 487 F.3d 374 (6th Cir. 2007) (dismissing due process claim based on failure to investigate).

Finally, to the extent Plaintiff argues that he has the right to prove his innocence, the disciplinary infraction about which Plaintiff complains is not the equivalent of a state or federal criminal charge against Plaintiff. "The constitutional adequacy of these [prison disciplinary] proceedings is not to be measured by the requirements of a criminal prosecution, for the full panoply of procedural due process rights do not apply to the administration of prison discipline." Brooks v. Westbrooks, No. 3:17-cv-00686, 2017 WL 3868275, at *3 (M.D. Tenn. Sept. 5, 2017)

(quoting Crafton v. Luttrell, 378 F. Supp. 521, 526 (M.D. Tenn. 1973) (citations omitted)). The complaint fails to state due process claims under Section 1983 upon which relief can be granted. These claims will be dismissed.

Finally, it appears that the complaint alleges state law claims, including defamation. 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

Id. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." Id. at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court.

**V.    Conclusion**

For the reasons explained herein, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against both Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2). Plaintiff's state law claims will be dismissed without prejudice, however, should Plaintiff wish to pursue them in a Tennessee state court.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE